**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SOCIAL CONSULTANTS INTERNATIONAL,
INCORPORATED,
<u>Plaintiff-Appellee,</u>

v.

ROBERT WINSHIP HASKELL,                                    No. 95-3047
<u>Defendant-Appellant,</u>

and

FIRST NATIONAL BANK OF MARYLAND,
<u>Defendant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CA-95-212-A)

Argued: October 30, 1996

Decided: December 6, 1996

Before WILKINSON, Chief Judge, and WILKINS and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Edward Pinkowski, Sr., PINKOWSKI & FLAN-
DERS, Fairfax, Virginia, for Appellant. Christopher Michael Collins,

CHRISTOPHER M. COLLINS, P.C., McLean, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Defendant-appellant, Robert Winship Haskell, appeals from the district court's decision that Haskell breached his employment contract with, and committed the tort of conversion against, plaintiff-appellee, Social Consultants International, Inc. ("SCI"). Finding no error, we affirm the judgment of the district court.

SCI, a Virginia corporation, provided consulting services to the United States Agency for International Development ("USAID"), a federal agency, in the country of Chad. In 1993, SCI hired Haskell, a domicile of the state of Georgia, to be the chief export marketing adviser and manager of its USAID contract in Chad. As such, Haskell had sole control over various SCI documents which recorded how SCI funds were spent in performance of the USAID contract. These documents were of negligible value to Haskell, but were worth approximately $66,437.29 to SCI. When Haskell's employment contract with SCI terminated, SCI demanded that Haskell return the documents. Haskell refused to return the documents, and did not return them until SCI instituted this suit.

SCI filed suit against Haskell for his refusal to return the documents, alleging, alternatively, breach of contract and conversion. Haskell filed a counter-suit against SCI for breach of contract, claiming that SCI owed him back wages and certain other monies.

After a bench trial before the United States District Court for the Eastern District of Virginia, the district court concluded that Haskell

2

breached the employment contract and committed the tort of conversion, because Haskell had no right to retain SCI's documents but withheld them nonetheless. The district court also concluded that SCI did not breach the employment contract with Haskell. Although SCI did owe Haskell $12,839.91 in back wages and severance pay, the district court concluded that SCI was within its contractual rights when, rather than pay this money to Haskell directly, it placed the money in an escrow account and then offset that account by $10,353.79, the amount that SCI had previously advanced to Haskell for certain expenses, including airline tickets, health insurance and travel visas for Haskell's family, and storage costs and insurance.

The district court calculated SCI's damages at $19,260.21, but reduced this amount by $2,486.12, the remaining balance in the escrow account. The district court then awarded SCI $16,774.09.

Having carefully reviewed the record and briefs, and considered the contentions of the parties at oral argument, we find no error in the district court opinion. We therefore affirm the decision of the district court on the opinion of that court.

AFFIRMED

3